```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS
```

**KEITH DAVIS,**

                                      **Plaintiff,**

                                                          **CIVIL ACTION**
                **vs.**                                                   **No. 10-3111-SAC**

**UNITED STATES OF AMERICA,**
**et al.,**

                                      **Defendants.**

## ORDER

Before the court is a hybrid civil complaint seeking relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), filed pro se by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN).

By an order entered September 21, 2010, and pursuant to plaintiff's request to proceed in forma pauperis, the court granted plaintiff 30 days to pay an initial partial filing fee of $29.50. See 28 U.S.C. § 1915(b)(1)(court is to assess an initial partial filing fee to be paid by a prisoner seeking leave to proceed in forma pauperis). The court also notified plaintiff that the failure to pay this assessed fee or to file a timely objection thereto could result in plaintiff's motion for leave to proceed in forma pauperis being denied and the complaint being dismissed without prejudice for noncompliance with the filing fee requirement for proceeding in federal court.

On November 10, 2010, the court noted plaintiff's failure to object to or pay the assessed fee, and dismissed the complaint.

*Motion for Reconsideration*

Before the court is plaintiff's motion for reconsideration, filed November 19, 2010. Plaintiff states he in fact paid the initial fee assessed by the court, and documents his request to prison authorities on November 15, 2010, for payment of this legal fee, which was deducted from plaintiff's inmate account the same date. Court records reflect receipt of plaintiff's payment of $29.50 on November 22, 2010.

Plaintiff's motion is treated as a timely filed motion to alter or amend the judgment entered in this matter. Fed.R.Civ.P. 59(e). Notwithstanding plaintiff's failure to pay the assessed fee in a timely manner prior to judgment being entered, the court finds it appropriate under the circumstances to set aside the judgment entered on November 10, 2010. Plaintiff is granted leave to proceed in forma pauperis, with payment of the remainder of the $350.00 district court filing fee to proceed through automatic payments from plaintiff's account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C.§ 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this matter, plaintiff seeks relief under *Bivens* and the

FTCA on allegation of deliberate indifference and negligence related to the medical care he received following his 2009 surgery for hernia repair. The defendants named in the hybrid complaint are Dr. Sorenson (identified as a doctor at Cushing Memorial Hospital), the United States, the United States Bureau of Prisons (BOP), USPLVN Dr. McCollum, and USPLVN EMT Guilliam. Having reviewed plaintiff's allegations, the court finds a response to the complaint is warranted, but first finds two defendants are subject to being summarily dismissed from the complaint for the following reasons.

The FTCA grants federal courts jurisdiction on civil claims against the United States based upon the negligence of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Accordingly, to the extent plaintiff seeks relief under the FTCA, the United States is the only appropriate defendant.

Plaintiff's allegations against all other defendants are thus assessed under *Bivens* in which the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). *Bivens* created a cause of action against individual federal actors, but a *Bivens* claim for damages against the United States and its agencies remains barred by sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)(direct action for damages against federal agencies not recognized under *Bivens*). Accordingly, plaintiff cannot seek damages under *Bivens* from either the United States or the BOP.

While the United States remains an appropriate defendant for plaintiff's allegations under the FTCA, the BOP is subject to being summarily dismissed as a defendant.

Nor is it apparent on the face of the complaint, even when liberally construed and assumed as true, that plaintiff's allegations are sufficient to plausibly establish that Dr. Sorenson, a private physician who performed plaintiff's hernia surgery at a private hospital, acted under color of federal authority for the purpose of stating a claim for relief against this defendant under *Bivens*. See *Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir.1991)("To state a *Bivens* action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors."). Absent such a showing, Dr. Sorenson is subject to being summarily dismissed because plaintiff alleges no cause of action under *Bivens* against this defendant.

**Notice and Show Cause Order to Plaintiff**

The court thus directs plaintiff to show cause why defendants BOP and Dr. Sorenson should not be summarily dismissed from the complaint. 28 U.S.C. § 1915A(b)(1) and (2). The failure to file a timely response will result in these two defendants being dismissed for the reasons stated above.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 6) is treated as a motion to alter and amend judgment which is granted, and that the judgment entered herein on November 10, 2010, is set aside.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20)

4

days to show cause why the Bureau of Prisons and Dr. Sorenson should not be summarily dismissed as defendants in this action.

**IT IS SO ORDERED.**

DATED:  This 18th day of January 2011 at Topeka, Kansas.


<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge